Joseph F. Jennings (SBN 145,920)
joe.jennings@knobbe.com
Matthew S. Bellinger (SBN 222,228)
matt.bellinger@knobbe.com
Jaeyoung Choi (SBN 358,001)
jaeyoung.choi@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404

Attorneys for Plaintiff
Pair Eyewear, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAIR EYEWEAR, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>STOGGLES INC., d/b/a OTHERFRAME, a Delaware Corporation,<br><br>Defendant. | Civil Action No. 2:26-cv-9429<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Pair Eyewear, Inc. ("Plaintiff" or "Pair Eyewear") hereby complains of Defendant Stoggles Inc., d/b/a OTHERFRAME ("Defendant" or "Stoggles" or "OTHERFRAME") and alleges as follows:

**NATURE OF THE ACTION**

1. Pair Eyewear seeks monetary and injunctive relief for acts of patent infringement engaged in by Defendant in violation of the laws of the United States.

**JURISDICTION AND VENUE**

2. This Court has original subject matter jurisdiction over the claims in this action for patent infringement pursuant to 35 U.S.C. §§ 271 and 281 and 28 U.S.C. §§ 1331 and 1338(a), as the claims arise under the laws of the United States.

3. This Court has personal jurisdiction over Defendant because Defendant has a principal place of business in this Judicial District and has a continuous, systematic, and substantial presence within this Judicial District and within California.

4. Defendant maintains its corporate headquarters within this Judicial District in the county of Los Angeles.

5. In addition, by committing acts of patent infringement in this Judicial District, Defendant's acts form a substantial part of the events or omissions giving rise to Pair Eyewear's claims.

6. Venue is proper in this Judicial District under 28 U.S.C. § 1400(b) because Defendant has a regular and established place of business within this Judicial District, and has committed acts of infringement by at least selling and/or offering to sell accused products in this Judicial District.

**THE PARTIES**

7. Plaintiff Pair Eyewear is a Delaware corporation having a corporate office at 44 W 28th Street, New York, New York, 10001. Pair Eyewear also has a research, development, and manufacturing facility located at 1935 Deere Ave,

Irvine, California 92606.

8. Upon information and belief, Defendant Stoggles Inc. is a Delaware corporation, having a principal place of business at 7825 Somerset Blvd, Unit E Paramount, California 90723 and/or 1622 N Highland Ave Ste 200, Los Angeles, CA 90028.

## GENERAL ALLEGATIONS

**Plaintiff Pair Eyewear**

9. Founded in 2017, Pair Eyewear is in the business of designing, making, and selling innovative eyewear, including customizable glasses consisting of a base frame and swappable top frames that can be magnetically attached to the base frame, thereby allowing users to easily change up the appearance of the glasses. Pair Eyewear operates a website at www.paireyewear.com. Examples of Pair Eyewear's innovative glasses, illustrating how different top frames may be attached to a base frame, are shown below.





10. Pair Eyewear created a new market for modular fashion eyewear through innovation, skill, and a significant investment of effort and capital, and its eyewear has achieved a high level of consumer demand and sales.

11. To protect its substantial investment in innovation, Pair Eyewear is the owner of numerous patents relating to its eyewear, including U.S. Patent No. 11,762,223 ("the '223 Patent") titled "Removably Attachable Top Frame for Eyewear." Pair Eyewear marks its product packaging with www.paireyewear.com/patents, which identifies patents applicable to its products, including the '223 Patent.

12. On September 19, 2023, the United States Patent and Trademark Office duly and lawfully issued the '223 Patent. Pair Eyewear is the assignee of the '223 Patent and holds all rights thereunder, including the right to sue for past infringement. A true and correct copy of the '223 Patent is attached hereto as **Exhibit 1.**

**Defendant Stoggles Inc. d/b/a OTHERFRAME**

13. Defendant Stoggles Inc. does business under the name OTHERFRAME. Defendant is engaged in the business of making, using, selling, offering for sale, and importing, a variety of eyewear, including lines of eyeglasses and sunglasses, which include a front modular piece that attaches to the base frame of the glasses, that infringe the '223 Patent (hereinafter, the "Infringing Products").

14. Defendant operates a website at www.otherframe.com on which it offers for sale and sells the Infringing Products, including to customers in this Judicial District.

15. Upon information and belief, OTHERFRAME was founded in 2026 and very recently entered the market with its Infringing Products.

16. Some examples of the Infringing Products, as displayed on the www.otherframe.com website, are identified below:

- Eiko Eyeglasses and Sunglasses

- Matera Eyeglasses and Sunglasses
- Ferro Eyeglasses and Sunglasses
- Heath Eyeglasses and Sunglasses
- Roen Eyeglasses and Sunglasses
- Gia Eyeglasses and Sunglasses

17. On March 25, 2026, Pair Eyewear wrote to Defendant regarding its infringing activities. In the letter, Pair Eyewear notified Defendant that its eyewear sets infringe Pair Eyewear's patents, including the '223 Patent, and demanded that Defendant, among other things, stop all making, using, selling, offering for sale, and importation of the Infringing Products.

18. Defendant thereafter responded but refused to comply with Pair Eyewear's demands to stop all making, using, selling, offering for sale, and importation of the Infringing Products.

19. Defendant's continued acts of infringement complained of herein are willful and deliberate.

20. Defendant's acts complained of herein have caused Pair Eyewear to suffer irreparable injury to its business. Pair Eyewear will continue to suffer substantial loss and irreparable injury unless and until Defendant is enjoined from its willful actions complained of herein.

**FIRST CLAIM FOR RELIEF**

**INFRINGEMENT OF THE '223 PATENT (35 U.S.C. § 271)**

21. Pair Eyewear repeats and re-alleges the allegations in Paragraphs 1–20 of this Complaint as if set forth fully herein.

22. Defendant has infringed and continues to directly and/or indirectly infringe the '223 Patent under 35 U.S.C. § 271, either literally or under the doctrine of equivalents, by making, using, selling, offering for sale, and/or importing into the United States the Infringing Products, and/or by actively inducing others to infringe the '223 Patent or contributing to the infringement of the '223 Patent. For example,

as set forth below for an exemplary Infringing Product, described as "Roen" on Defendant's www.otherframe.com website, the Infringing Products directly infringe claims of the '223 Patent.

23. The Infringing Products practice all elements of Claim 1 of the '223 Patent. To the extent that the preamble of Claim 1 is limiting, Defendant's Infringing Products provide a method of enabling a user to removably attach a top frame to a corresponding base eyewear, as depicted in the two images below.

**Detached**



**Removably Attached**




24. As depicted in the image below, the Infringing Products include a top frame comprising: a left opening without a lens, a right opening without a lens, and a bridge positioned between the left and right openings.




25. As depicted in the image below, the top frame of the Infringing Products has a curved posterior surface.




26. As depicted in the image below, the top frame of the Infringing Products includes two magnets.



27. As depicted in the image below, the Infringing Products enable the user to align the top frame with the base eyewear such that the magnets of the top frame induce an attractive force between the posterior surface of the top frame and a curved anterior surface of the base eyewear.




Defendant's www.otherframe.com website explains that the top frame includes magnets and attaches to the base eyewear magnetically (i.e. by an attractive force):

**How do the fronts attach and detach?** ×

The fronts connect to the base frame magnetically. To swap, simply pull the current front off and place the new one on. The magnets align automatically and hold securely for all-day wear. No tools, no clips, no fuss.




28. In the Infringing Products, the top frame is more flexible than the base eyewear.

29. In the Infringing Products, the posterior surface of the top frame comprises a pre-attached shape that corresponds to the anterior surface of the base eyewear such that, when the top frame is attached to the base eyewear, the posterior surface of the top frame closely fits with the anterior surface of the base eyewear, without requiring the top frame to be contorted to attach the top frame to the base eyewear, as depicted in the four images below.




Anterior surface of the base eyewear
Posterior surface of the top frame


Posterior surface of the top frame
Anterior surface of the base eyewear



30. In the Infringing Products, when the top frame is attached to the base eyewear, the top frame has no part that extends in a posterior direction past the anterior surface of the base eyewear, as depicted in the image below.



31. The material of the top frame is also resilient as required by Claim 5. For example, the top frame returns to its original shape after being substantially deformed.

32. The material of the top frame also comprises a polymer or plastic as required by Claim 6. Defendant's www.otherframe.com website explains that the Infringing Products have a "Rilsan bio-plastic construction." Based upon representations made by Defendant to Pair Eyewear after receiving Pair Eyewear's cease and desist letter, the top frame is made from Rilsan G850. Rilsan G850 is a polymer and a plastic.

33. The material of the top frame is also a thermoplastic amorphous polyamide as required by Claim 7. Based upon representations made by Defendant to Pair Eyewear after receiving Pair Eyewear's cease and desist letter, the top frame

is made from Rilsan G850. Rilsan G850 is a thermoplastic amorphous polyamide, and Claim 7 is thereby infringed.

34. On information and belief, Defendant has been aware of the ’223 Patent at least since on or around March 25, 2026, which is the date that Pair Eyewear sent Defendant a letter notifying it of its infringing activities.

35. Defendant has indirectly infringed and continues to indirectly infringe one or more claims of the ’223 Patent, as provided by 35 U.S.C. § 271(b), by knowingly and intentionally inducing infringement by others, such as Defendant’s customers, in this Judicial District and elsewhere in the United States. For example, Defendant’s customers directly infringe, either literally or under the doctrine of equivalents, by making and/or using the Infringing Products. On information and belief, Defendant induces this direct infringement through its affirmative acts of manufacturing, selling, distributing, and/or otherwise making available the Infringing Products, and providing instructions, documentation, and other information to customers and end-users instructing that they use the Infringing Products in an infringing manner, including by marketing materials, product manuals, advertisements, and/or online documentation. For example, Defendant sells its base eyewear together with one or more top frames, also separately sells top frames for use with Defendant’s base frames, and instructs customers to attach the front frames to the base eyewear. Because of Defendant’s inducement, Defendant’s customers use the Infringing Products in a way that Defendant intends and that directly infringe the ’223 Patent. Defendant performs these affirmative acts with the intent, or willful blindness, that it causes infringing acts by others. For example, Defendant has been on notice since at least March 25, 2026, that the Infringing Products infringe the ’223 Patent, which is the date that Pair Eyewear sent Defendant a letter notifying it of its infringing activities.

36. Defendant has indirectly infringed and continues to indirectly infringe one or more claims of the ’223 Patent, as provided by 35 U.S.C. § 271(c), by

contributing to direct infringement by others, such as Defendant's customers, in this Judicial District and elsewhere in the United States. Defendant's affirmative acts of selling, offering to sell, and/or importing the Infringing Products in the United States contributes to others' use and manufacture of the Infringing Products, such that the '223 Patent is directly infringed by others. The Infringing Products are not staple articles or commodities of commerce, have no substantial non-infringing uses, and are known by Defendant to be especially made or adapted for use in the infringement of the '223 Patent. Defendant performs these affirmative acts with knowledge of the '223 Patent and with intent, or willful blindness, that it causes the direct infringement of the '223 Patent. For example, Defendant has been on notice since at least March 25, 2026, that the Infringing Products infringe the '223 Patent, which is the date that Pair Eyewear sent Defendant a letter notifying it of its infringing activities.

37. As a direct and proximate result of Defendant's acts of infringement, Defendant has derived and received gains, profits, and advantages in an amount that is not presently known to Pair Eyewear. By reason of the aforesaid infringing acts, Pair Eyewear has been damaged and is entitled to monetary relief in an amount to be determined.

38. Pursuant to 35 U.S.C. § 284, Pair Eyewear is entitled to damages for Defendant's infringing acts and treble damages together with interests and costs as fixed by this Court.

39. Pursuant to 35 U.S.C. § 285, Pair Eyewear is entitled to its attorneys' fees and costs for the necessity of bringing this claim in this exceptional case.

40. Due to the aforesaid infringing acts, Pair Eyewear has suffered great and irreparable injury, for which Pair Eyewear has no adequate remedy at law.

41. Defendant will continue to willfully infringe Pair Eyewear's patent rights to the great and irreparable injury of Pair Eyewear unless enjoined by this Court.

**PRAYER FOR RELIEF**

**WHEREFORE**, Pair Eyewear prays for judgment in its favor and against Defendant for the following relief:

A. A final judgment in favor of Pair Eyewear and against Defendant on all claims for relief alleged herein;

B. An Order adjudging that Defendant has infringed the ’223 Patent under 35 U.S.C. § 271;

C. A preliminary and permanent injunction enjoining Defendant, as well as its officers, directors, agents, servants, employees, representative, successors, and assigns, and those persons or entities in active concert or participation with Defendant, from making, using, selling, offering to sell, and/or importing any products that infringe the ’223 Patent;

D. An Order adjudging that Defendant pays to Pair Eyewear actual damages in the form of lost profits, or in the alternative, other damages adequate to compensate for Defendant’s infringement, but in no event less than a reasonable royalty for the use made of the invention claimed in the ’223 Patent in accordance with 35 U.S.C. § 284, and including a compulsory ongoing reasonable royalty in the event no injunctive relief is awarded;

E. An Order adjudging that Defendant has willfully infringed the ’223 Patent under 35 U.S.C. § 271;

F. An Order adjudging that Defendant pays to Pair Eyewear treble damages under 35 U.S.C. § 284 for its willful infringement of the ’223 Patent;

G. An Order adjudging that this case is exceptional under 35 U.S.C. § 285 and ordering that Defendant pays to Pair Eyewear its reasonable attorneys’ fees incurred in this action;

H. An Order adjudging that Defendant pays to Pair Eyewear pre-judgment and post-judgment interest and costs of this action;

I. That the Court award Pair Eyewear any such other relief that the

circumstances may require and that the Court deems just and proper.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: August 24, 2026

By: */s/ Matthew Bellinger*
Joseph Jennings
Matthew Bellinger
Jaeyoung Choi

Attorneys for Plaintiff
Pair Eyewear, Inc.

**DEMAND FOR JURY TRIAL**

Plaintiff Pair Eyewear, Inc. hereby demands a jury trial, as provided by Rule 38 of the Federal Rules of Civil Procedure, on all claims that are triable to a jury.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: August 24, 2026

By: */s/ Matthew Bellinger*
Joseph Jennings
Matthew Bellinger
Jaeyoung Choi

Attorneys for Plaintiff
Pair Eyewear, Inc.